Shauck, J.
■The practice here brought in review cannot be approved. The motion for a judgment notwithstanding the answer, is said to be authorized by section five thousand three hundred and twenty (5820) of the Revised Statutes. But by its terms, that section applies only to cases where “ all or a part of one or more of the causes of action are not put in issue by the answer.” It has no proper application to a case of this character, where the defense goes to the entire demand. And this is true even though the defense be imperfectly stated, or be insufficient in substance. The proper practice' in such case is to test the sufficiency of the defense by demurrer, and if the defense be held insufficient, to allow the defendant to make such amendment as may appear to be in furtherance of justice.
But, assuming that this motion might have been regarded as a demurrer to the answer, are the facts there stated a defense to the action ?
It appears from the answer and the averments of the petition, which are not denied, that the city paid this money to Franklin county, after its return had been demanded by. Reinhard. It thus not only admitted that it was not entitled to the,money, but it undertook at its peril to decide that it belonged to Franklin county, and not to Reinhard. Whether *291 it decided that question correctly, is the precise question presented.
In support of the claim of Reinhard, it is said that the mayor was not authorized to accept a deposit of money, in lieu of bail. As to the arrest of a person for a violation of a city ordinance, that proposition is distinctly held in The City of Columbus v. Dunnick, 41 O. S., 602. The reasons for this conclusion, as well as its application to cases of arrests for violations of the laws of the state, appear from the provisions of the code of criminal procedure relating to arrest, examination and bail, and from considerations of public policy. Upon the arrest of Reinhard and his companion, the law required that their examination should be had forthwith ; or, if an adjournment became necessary, either that they be committed or detained in custody, or permitted to enter into a recognizance with sufficient surety, conditioned for their further appearance. The decision and the statutory provision referred to, clearly support the proposition made by counsel for the defendant in error, that the contract entered into by Reinhard and the mayor was illegal.
But how can this conclusion avail to support the judgment of the court below? With this conclusion settled, the answer presents a case, in which Reinhard and the mayor entered into a contract, which was not only in excess of the provisions of the statute defining the duties of a public officer, but void as against public policy. They not only entered into sjuch a contract, but they executed it by the actual deposit of the money and the release of Reinhard and his companion. The legal status of parties with respect to a contract of this character is not doubtful. In the, language of the supreme court in Roll v. Raguet, 4 O. S., 400: “ Whenever a contract appears to be illegal, immoral, against public policy, or opposed to the , criminal prohibitions of the state, a court of justice leaves the parties as it finds them. If the agreement be executed, the court will not rescind it; if executory, the court will not aid in its execution.”
In the absence of averment to the contrary, we must presume that the arrest of Reinhard and his companion was lawful, and the contract which he entered into and executed was *292 with an oHicer charged with a public duty with respect to his examination. This case is therefore not embarrassed by any consideration of the doctrine of duress..
Qaren, for plaintiff in error.
Mariott & Hughes, contra.
In either view that may be taken of this contract,'the judgment below was wrong. If the contract was legal, it was in accordance with its terms that, upon failure of Reinhard and his companion to appear, the deposit was forfeited to the county; if illegal, the parties must be left to occupy the position with respect to it which they have voluntarily assumed. For error in granting the motion, the judgment of the court of common pleas will be reversed with costs, and the cause will be remanded to that court for further proceedings.